**Joseph DENTI, Petitioner,**

v.

**Robert ABRAMS, Respondent.**

**No. 80 Civ. 4968.**

United States District Court,
S. D. New York.

Sept. 30, 1980.

Clark, Wulf, Levine & Peratis, New York City, for petitioner; Kathleen Peratis, Melvin L. Wulf, Ramsey Clark, New York City, of counsel.

Mario Merola, Dist. Atty., Bronx County, New York City, for respondent; Alan D. Marrus, Billie Manning, Asst. Dist. Attys., New York City, of counsel.

LASKER, District Judge.

Joseph Denti was convicted in the New York state courts of criminal possession of stolen property (§ 165.45, N.Y. Penal Law). Having exhausted his state remedies, he petitions for a writ of habeas corpus on the ground that the trial judge relied on an unconstitutional presumption in finding that the defendant knew that the property was stolen. Alternatively he contends that the evidence at trial was insufficient to support his conviction.

Denti stood trial for both criminal possession of stolen property and grand larceny. The prosecution showed that Denti was arrested while driving a car which had been stolen between 24 and 36 hours earlier. Although dressed in business suits, both Denti and one of his companions, Vito DiSalvo, were wearing workman's gloves. Another companion, Rudolph Santobello, was also wearing workman's gloves. In addition, the ignition key which Denti used to operate the car did not fit its door locks and neither Denti nor his companions had a key which fit the door locks. The owner of the car testified that when the car was returned, his key no longer fit the ignition; prior to the theft, his key had fit both the ignition and the doors. Denti testified that he had no idea that the car was stolen. His version was that he and DiSalvo had been in a restaurant which his son managed, discussing their lack of a car to get to the racetrack. An acquaintance, Mr. Botti, overheard the conversation and offered to lend the car to DiSalvo. He gave DiSalvo the keys and Denti and DiSalvo left to pick up Santobello and go to the track. His testimony was supported by the testimony of DiSalvo and of Silex Forth, a waiter at the restaurant. On this evidence, the trial court found Denti guilty of criminal possession of stolen property and not guilty of grand larceny.

Denti contends that the trial court relied on a presumption that one in exclusive possession of recently stolen property knows that the property is stolen. He argues that such reliance violates the due process clause, which requires proof beyond a reasonable doubt of every essential element of the crime charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970).

Since knowledge is an essential element of the crime of criminal possession of stolen property[1] there can be no *mandatory* presumption of knowledge from proof of possession of recently stolen property. *Lopez For and In Behalf of Garcia v. Curry*, 583 F.2d 1188, 1191–93 (2d Cir. 1978). However, a permissive inference of knowledge may be drawn, consistent with the due process clause, if "the evidence necessary to

---

1. "A person is guilty of criminal possession of stolen property in the second degree when he knowingly possesses stolen property ..." § 165.45 N.Y. Penal Law.

invoke the inference is sufficient for a rational [fact finder] to find the inferred fact beyond a reasonable doubt." *Barnes v. United States*, 412 U.S. 837, 843, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973).[2] The first question to be decided here is whether the trial court treated the proof of exclusive possession of the recently stolen automobile as establishing a conclusive presumption of knowledge or whether it treated the proof as permitting, but not requiring, knowledge to be inferred.

As we understand his argument, Denti bases his contention that the court treated such proof as creating a conclusive presumption largely on the fact that at trial the prosecution argued that the requisite knowledge should be presumed. The proposition is unpersuasive. The prosecution also argued that proof of possession of recently stolen property leads to a "presumption" that the possessor stole the property. (R. at 242). The trial court's acquittal of Denti on the grand larceny charge indicates that at least as far as that charge was concerned, the court rejected any suggestion that a mandatory presumption should be drawn.[3] Furthermore, at no time did the trial judge indicate that he was relying on a "presumption." To the contrary, when he denied the defendant's motion to dismiss at the conclusion of the prosecution's case, the trial judge said that "based on the evidence that I have heard ... together with any reasonable inferences ... each and every element" is established. (R. at 129). When he denied the motion to set aside the verdict, he stated that

> "the cases would indicate there is a difference in the force of the inference that can be drawn from the recent possession of the fruits of a crime. It may not be sufficient to draw the inference that the defendant stole the property, but it may

be sufficient to draw the inference that he knowingly possessed stolen property." (R. at 335).

It thus appears that the trial court treated the proof of exclusive possession of the recently stolen automobile as evidence from which to infer knowledge. Along with the rest of the evidence, he found the proof sufficient to infer that Denti knew that the car was stolen but insufficient to infer that Denti stole the car.

To the extent that the trial court utilized a permissive inference to find knowing possession, the only constitutional objection might be the lack of a sufficient probative relationship between the proven and inferred facts. *Barnes v. United States*, 412 U.S. 837, 843, 93 S.Ct. 2357, 2361, 37 L.Ed.2d 380 (1973). But the inference of knowledge from proof of exclusive and recent possession of stolen property was the very inference upheld in *Barnes*, albeit in reference to stolen treasury checks. *See, also, United States v. Russo*, 413 F.2d 432 (2d Cir. 1969) (possession of stolen consumer products); *United States v. Johnson*, 433 F.2d 1160 (D.C.Cir. 1970) (possession of stolen car leading to inference of grand larceny and unauthorized use). On its face, then, there is no constitutional infirmity in drawing the inference of knowledge from the fact of exclusive possession of a recently stolen automobile. However, the probative value of the inference of knowledge in the context of a stolen automobile decreases as the period of time between the theft and the possession increases. Here a significant period, up to 36 hours, passed between the theft and Denti's arrest. Such passage of time might cast serious doubt on the conviction if this inference were the only evidence before us.

---

**2.** This type of permissive inference is sometimes referred to as a "presumption." *See, e. g., Lopez For and In Behalf of Garcia v. Curry, supra; People v. McCaleb*, 25 N.Y.2d 394, 402, 306 N.Y.S.2d 889, 894, 255 N.E.2d 136, 139 (1969). For analytic clarity, however, we use "presumption" to refer to a mandatory presumption and "inference" to refer to a conclusion which the factfinder is free to draw or

reject. *See, Barnes v. United States, supra; Pendergrast v. United States*, 416 F.2d 776, 778 n.72 (D.C.Cir. 1969).

**3.** As to the prosecution's references to "presumptions," they may be construed as reasonably to have been directed to permissive inferences rather than conclusive presumptions. *See note 2, supra.*

Denti's second argument is that the evidence upon which he was convicted was constitutionally insufficient. Under *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), the dispositive question before a federal court entertaining a petition for a writ of habeas corpus on such a claim is whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." As indicated above, one may reasonably doubt whether the proof of exclusive possession of the recently stolen automobile would alone satisfy this standard in this case. The state contends that the inference to be drawn from possession is strengthened by the fact that a new ignition lock had been installed during the period between the theft and the arrest. However, the argument is undercut by lack of any proof that such an operation takes any significant time. Indeed, it could be argued that the fact that the car had a working ignition lock when Denti used it was as consistent with innocence as with knowledge on his part. Compare *United States v. Casey*, 540 F.2d 811 (5th Cir. 1976) (ignition switch hanging below dashboard, giving defendant cause to believe the vehicle was stolen).

Be that as it may, even if we regard possession of the stolen car here as insufficient by itself to sustain the conviction, the evidence as a whole is not. The inference is only one item of evidence. Other evidence includes such items as: (1) the fact that the ignition key did not fit the door locks and that Denti had no door key. Neither Denti nor DiSalvo explained at trial how they expected to lock the car at the racetrack or whether it was locked when they borrowed it; and (2) the fact that Denti and his companions were wearing workman's gloves, while Denti and DiSalvo were dressed in business suits, which, with the other evidence, suggests an attempt to avoid leaving fingerprints in the car.[4] When the inference to be drawn from Denti's possession of the recently stolen automobile is augmented by this other evidence, the totality is sufficient to satisfy the *Jackson v. Virginia* standard. To be sure, the case against Denti is far from overwhelming. Nevertheless, we are unable on this record to conclude that no rational trier of fact could find guilt beyond a reasonable doubt. Accordingly, the petition is denied.

It is so ordered.

---

4. The state contends that the fact that the defense testimony was patently incredible further strengthens the evidence against Denti. Were we considering the evidence as a whole, we would have to agree. However, although it is unclear from the papers whether the issue of the trial court's denial of the motion to dismiss was exhausted in state courts or whether it is now before us, we have considered only the evidence presented by the prosecution in evaluating the sufficiency of the evidence.